JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

**DEFENDANTS**
WENDY L. BOYD
27 Winding Way
Lititz, PA 17543

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. – Thomas I. Puleo, Esquire
701 Market Street, Ste. 5000, Phila., PA 19106
215-627-1322, TPuleo@kmllawgroup.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| X 1 | U.S. Government Plaintiff | 3 Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | X 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - | 690 Other | 423 Withdrawal | 400 State Reapportionment |
| 130 Miller Act | 315 Airplane Product | Product Liability | | 28 USC 157 | 410 Antitrust |
| 140 Negotiable Instrument | Liability | 367 Health Care/ | | | 430 Banks and Banking |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' | Product Liability | | 830 Patent | 470 Racketeer Influenced and |
| 152 Recovery of Defaulted | Liability | 368 Asbestos Personal | | 840 Trademark | Corrupt Organizations |
| Student Loans | 340 Marine | Injury Product | | | 480 Consumer Credit |
| (Excludes Veterans) | 345 Marine Product | Liability | | **LABOR** | 490 Cable/Sat TV |
| 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | 710 Fair Labor Standards | **SOCIAL SECURITY** | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | Act | 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | 371 Truth in Lending | 720 Labor/Management | 862 Black Lung (923) | 890 Other Statutory Actions |
| 190 Other Contract | Product Liability | 380 Other Personal | Relations | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal | Property Damage | 740 Railway Labor Act | 864 SSID Title XVI | 893 Environmental Matters |
| 196 Franchise | Injury | 385 Property Damage | 751 Family and Medical | 865 RSI (405(g)) | 895 Freedom of Information |
| | 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | 790 Other Labor Litigation | | 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement | **FEDERAL TAX SUITS** | 899 Administrative Procedure |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| X 220 Foreclosure | 441 Voting | 463 Alien Detainee | | or Defendant) | Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate | | 871 IRS—Third Party | 950 Constitutionality of |
| 240 Torts to Land | 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| 245 Tort Product Liability | Accommodations | 530 General | | | |
| 290 All Other Real Property | 445 Amer. w/Disabilities | 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities | 540 Mandamus & Other | 465 Other Immigration | | |
| | Other | 550 Civil Rights | Actions | | |
| | 448 Education | 555 Prison Condition | | | |
| | | 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1471
Brief description of cause:
**Action of Mortgage Foreclosure**

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    Yes    X No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE  11/7/16

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.

Address of Plaintiff: _c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 10106-1532_

Address of Defendant: _27 Winding Way Lititz, PA 17543_

Place of Accident, Incident or Transaction: _ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY_
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?                                      Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cass are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                              Yes ☐           No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                              Yes ☐           No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
                                                                              Yes ☐           No ☒

---

CIVIL. (Place ☑ in ONE CATEGORY ONLY)

A.    *Federal Question Cases*
1.    ☐ Indemnity Contract, Manne contract, and All Other Contracts
2.    ☐ FELA
3.    ☐ Jones Act-Personal Injury
4.    ☐ Antitrust
5.    ☐ Patent
6.    ☐ Labor-Management Relations
7.    ☐ Civil rights
8.    ☐ Habeas Corpus
9.    ☐ Securities Act(s) Cases
10.   ☐ Social Security Review Cases
11.   ■ All other Federal Question Cases
      (Please specify) **Foreclosure of property encumbered by a federal mortgage.**

B.    *Diversity Jurisdiction Cases:*
1.    Insurance contract and Other Contracts
2.    Airplane Personal Injury
3.    Assault, Defamation
4.    Marine Personal Injury
5.    Motor Vehicle Personal Injury
6.    Other Personal Injury (Please specify)
7.    Products Liability
8.    Products Liability – Asbestor
9.    All other diversity Cases
      (Please specify)

## ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _Thomas I. Puleo_____, counsel of record do here by certify:

☐    Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $!50,000.00 exclusive of interest and costs.

☐    Relief other than monetary damages is sought.

DATE: _11/2/16_          _[signature]_                    _27615_
                         Attorney-at-Law                  Attorney i.d.#

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.**

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/2/16_          _[signature]_                    _27615_
                         Attorney-at-Law                  Attorney i.d.#

CIV 609 (9/99)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | Plaintiff | CIVIL ACTION NO. |
| vs. | | |
| WENDY L. BOYD | Defendant | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendant. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendant do not agree with the plaintiff regarding said designation, that the defendant shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendant believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C.
§2241 through §2255.                                                ( )

(b)   Social Security -- Cases requesting review of a
decision of the Secretary of Health and Human
Services denying plaintiff Social Security Benefits.        ( )

(c)   Arbitration -- Cases required to be designated for
arbitration under Local Civil Rule 53.2.                        ( )

(d)   Asbestos -- Cases involving claims for personal injury
or property damage from exposure to asbestos.           ( )

(e)   Special Management -- Cases that do not fall into tracks
(a) through (d) that are commonly referred to as complex
and that need special or intense management by the court.
(See reverse side of this form for a detailed explanation of
special management cases.)                                       ( )

(f)   Standard Management -- Cases that do not fall into
any one of the other tracks.                                    **(X)**

11/2/16
Date

Thomas I. Puleo
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6305 (Direct)
FAX (215) 825-6405
TPuleo@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

**Plaintiff**

**vs.**

**WENDY L. BOYD**

**Defendant**

**CIVIL NO.**

## **COMPLAINT**

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Thomas I. Puleo of KML LAW GROUP, P.C., represents as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.      The last-known address(es) of the Defendant, WENDY L. BOYD ("Defendant") is/are  27 Winding Way, Lititz, PA 17543.

3.      On or about May 17, 1990, at the special instance and request of WENDY L. BOYD, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendant the sum of $81,900.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.    As evidence of the indebtedness, Defendant executed and delivered to the Plaintiff, a Promissory Note dated May 17, 1990 in the amount of $81,900.00.  A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.    Defendant, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about May 17, 1990, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on  May 18, 1990 with the Office of the Recorder of Deeds, Lancaster County, Pennsylvania, in Book 2905 page 95.  A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.    Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7.    The property secured by the Mortgage is known as 27 Winding Way Lititz, PA 17543 and is more fully described in the legal description attached and incorporated as Exhibit "C" ("Property").  The property subject to foreclosure is within the jurisdiction of this Court.

8.    The Note and Mortgage are in default as Defendant have failed or refused to comply with the provisions of the Note and Mortgage, as follows:  (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

9.    Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

10.    The amounts due and owing to Plaintiff on the Note and Mortgage are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $46,592.93 |
| Interest from 05/06/2014 to 08/27/2016 at 8.7500% | $10,030.24 |
| Interest Recapture | $105,920.44 |
| | $162,543.61 |
| Escrow / Impound Required | +$1,829.87 |
| Fees Required with Payoff Funds | +$757.15 |
| Fees Currently Assessed | +$10,485.30 |
| | $175,615.93 |

11.    Plaintiff mailed to Defendant a Notice of Intention to Foreclose by certified mail, to their last-known address on the date shown on the copy of the Notice attached and incorporated as Exhibit "D" ("Notice").

12.    No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred.   Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

    **WHEREFORE**, the Plaintiff demands judgment as follows:

Defendant and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such

money applicable thereto will pay the same;  the Plaintiff shall have such other and

further relief, or both, in the property as shall be just and equitable.

United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By: _____
Thomas I. Puleo
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6305
(215)215-825-6405
Tpuleo@kmllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **WENDY L. BOYD** | |
| **Defendant** | |

# **EXHIBITS**

"A"  NOTE
"B"  MORTGAGE
"C"  PROPERTY
"D"  NOTICE OF INTENTION TO FORECLOSE

USDA-FmHA
Form FmHA 1940-16
(Rev. 8/87)

**PROMISSORY NOTE**

*Copy*

| TYPE OF LOAN | STATE |
|---|---|
| RURAL HOUSING | PENNSYLVANIA |
| | COUNTY |
| | LANCASTER |
| | CASE NO. |
| | 44-36-203562089 |

Date _____ **May 17,** ____, 19 **90**

    **FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____ **Lancaster**

__ **Pennsylvania** __

**THE PRINCIPAL SUM OF** __EIGHTY-ONE THOUSAND NINE HUNDRED AND 00/100--------------------------

**DOLLARS ($** __81,900.00--------------------------------__ **), plus INTEREST on the UNPAID PRINCIPAL of**

__EIGHT AND THREE-FOURTHS---__ **PERCENT (** __8-3/4-----__ **%) PER ANNUM.**

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in _____ **396** _____ installments as indicated in the box below:

$ __634.00__ on __June 17,__ _____, 19 __90__, and

$ __634.00__ _____ thereafter on the __17th__ of each __Month__ _____

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-THREE__ (__------33-----__) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

*Position 2*                      FmHA 1940-16 (Rev. 8/87)

*Exhibit "A"*

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Wendy J. Boyd_         (SEAL)
Wendy U. Boyd    _(BORROWER)_

_____       (SEAL)
                      _(SPOUSE)_

27 Winding Way

Lititz,  PA  17543

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 81,900.00 | 5/17/90 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

☆ U.S. Government Printing Office 1987-723-431/61219

_Position 2_             FmHA 1940-16 (Rev. 8/87)

Position 5 0 15.50 W            SA #1104

MAY 1 8 199

**USDA-FmHA**
Form FmHA 427-1 PA
(Rev. 1-89)

990024542 **REAL ESTATE MORTGAGE FOR PENNSYLVANIA** RECORDED OR FILED

THIS MORTGAGE is made and entered into by _____ Wendy L. Boyd _____ '90 MAY 18 PH 2:10

RECORDER OF DEEDS
LANCASTER PA

residing in _____ Lancaster _____ County, Pennsylvania, whose post office address is

27 Winding Way, Lititz _____, Pennsylvania _____ 17543 _____,

herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| May 17, 1990 | $81,900.00 | 8 3/4% | May 17, 2023 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of

Pennsylvania, County(ies) of _____ Lancaster _____ Recorded in Lancaster Co., Pa.

Bk 2905    Pg 95

SEE SCHEDULE "A" ATTACHED HERETO.

_Ronald N. Cohen_

**Recorder of Deeds**

2905          95

FmHA 427-1 PA (Rev. 1-89)

Exhibit "B"

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

2905   96



(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, P. O. Box 905, Federal Building, Harrisburg, Pennsylvania 17108, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

2905    97

(24) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(25) THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HERE-IN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ____17th____ day of ____May____, 19 90 .

Signed, sealed, and delivered in the presence of:

_____  __Wendy L. Boyd__ (SEAL)
Wendy L. Boyd

_____  _____ (SEAL)

STATE OF PENNSYLVANIA }ss:  **ACKNOWLEDGMENT**
COUNTY OF __LANCASTER__

On this __17th__ day of ____May____, 19 90 , before me, the undersigned, a Notary Public in and for said State and County, personally appeared __Wendy L. Boyd__ , known (or satisfactorily proved) to me to be the person(s) whose name(s) __is__ subscribed to the within instrument, and acknowledged to me that __she__ executed the same for the purpose therein contained.
IN WITNESS WHEREOF, I hereunto set my hand and official seal.

NOTARIAL SEAL
FRANCES M. ORR, Notary Public
MANHEIM TWP., LANCASTER CO., PA
My Commission Expires NOV. 29, 1990

My commission expires _____  _____ Notary Public.
(NOTARIAL SEAL)

**RESIDENCE CERTIFICATE**

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

Fran Orr                     For Mortgagee

2905   98

## SCHEDULE "A"

ALL THAT CERTAIN lot or tract of land with improvements thereon numbered as 27 Winding Way, Lititz, Pennsylvania, situate along the South side of Winding Way (a 50 feet wide right-of-way public street) and the East side of Guilder Place ( a 50 feet wide right-of-way public street with a 50 feet radius cul-de-sac) in the Township of Warwick, County of Lancaster and Commonwealth of Pennsylvania, said lot being shown as Lot No. 181 on a Final Subdivision Plan of "Crosswind" Section VI and recorded in Subdivision Plan Book J-138, Page 119, said Lot No. 181 being more fully bounded and described as follows, to wit:

BEGINNING at a point on the East right-of-way line of Guilder Place, being the most southwest corner of the herein described Lot No. 181, and being a mutual lot corner of Lot No. 180; thence leaving said point of Beginning and along the said East right-of-way line of Guilder Place, the following five courses and distances: (1) on a concave curve to the Southwest having a delta angle of 59 degrees, 21 minutes, 44 seconds, a radius of 50.00 feet, an arc length of 51.80 feet, a tangent of 28.50 feet and a chord bearing North 29 degrees, 09 minutes, 55 seconds West, a distance of 49.52 feet to a point, a point of reverse curve; (2) on a concave curve to the Northeast having a delta angle of 58 degrees, 35 minutes, 08 seconds, a radius of 25.00 feet, an arc length of 25.56 feet, a tangent of 14.02 feet and a chord bearing North 29 degrees, 33 minutes, 13 seconds West, a distance of 24.46 feet to a point, a point of compound curve; (3) on a concave curve to the East having a delta angle of 13 degrees, 32 minutes, 47 seconds, a radius of 125.00 feet, an arc length of 29.55 feet, a tangent of 14.85 feet and a chord bearing of North 06 degrees, 30 minutes, 44 seconds East, a distance of 29.48 feet to a point, a point of tangency; (4) on a tangent, North 13 degrees, 17 minutes, 08 seconds East, a distance of 12.80 feet to a point of curve; (5) on a concave curve to the South-east having a delta angle of 82 degrees, 15 minutes 54 seconds, a radius of 25.00 feet, an arc length of 35.90 feet, a tangent of 21.80 feet and a chord bearing North 54 degrees, 25 minutes, 05 seconds East, a distance of 32.89 feet to a point, a point of reverse curve on the South right-of-way line of Winding Way; thence along the said South right-of-way line of Winding Way on a concave curve to the North having a delta angle of 05 degrees, 01 minute, 14 seconds, a radius of 346.50 feet, an arc length of 30.36 feet, a tangent of 15.19 feet and a chord bearing South 86 degrees, 57 minutes, 34 seconds East, a distance of 30.35 feet to a point, a mutual lot corner of Lot No. 182; thence along said Lot No. 182, through the center of a common frame party wall, South 00 degrees, 31 minutes, 49 seconds West, a distance of 124.04 feet to a point on line of aforementioned Lot No. 180; thence along said Lot No. 180, North 89 degrees, 29 minutes, 03 seconds West, a distance of 26.00 feet to a point, the point and place of BEGINNING.

CONTAINING: 6,178 Square feet of land.

LOT NO. 181 SUBJECT TO all minimum building setback requirements, a clear sight triangle easement, a 20 feet wide storm drainage easement and all conditions and regulations as shown and set forth on the aforementioned recorded Final Subdivision Plan.

BEING THE SAME PREMISES which P.R.D. Property Development, Inc., a New York Corporation, by deed dated May 22, 1987 and recorded May 26, 1987 in the Office of the Recorder of Deeds in and for Lancaster County, PA in Record Book 2134, Page 76, granted and conveyed unto Frank S. Judd, his heirs and assigns.

BEING THE SAME PREMISES which Frank S. Judd by deed dated even herewith and intended for immediate recording, granted and conveyed unto Wendy L. Boyd, her heirs and assigns.

**2905 . 99**

SCHEDULE "A"

ALL THAT CERTAIN lot or tract of land with improvements thereon numbered as 27 Winding Way, Lititz, Pennsylvania, situate along the South side of Winding Way (a 50 feet wide right-of-way public street) and the East side of Guilder Place ( a 50 feet wide right-of-way public street with a 50 feet radius cul-de-sac) in the Township of Warwick, County of Lancaster and Commonwealth of Pennsylvania, said lot being shown as Lot No. 181 on a Final Subdivision Plan of "Crosswind" Section VI and recorded in Subdivision Plan Book J-138, Page 119, said Lot No. 181 being more fully bounded and described as follows, to wit:

BEGINNING at a point on the East right-of-way line of Guilder Place, being the most southwest corner of the herein described Lot No. 181, and being a mutual lot corner of Lot No. 180; thence leaving said point of Beginning and along the said East right-of-way line of Guilder Place, the following five courses and distances: (1) on a concave curve to the Southwest having a delta angle of 59 degrees, 21 minutes, 44 seconds, a radius of 50.00 feet, an arc length of 51.80 feet, a tangent of 28.50 feet and a chord bearing North 29 degrees, 09 minutes, 55 seconds West, a distance of 49.52 feet to a point, a point of reverse curve; (2) on a concave curve to the Northeast having a delta angle of 58 degrees, 35 minutes, 08 seconds, a radius of 25.00 feet, an arc length of 25.56 feet, a tangent of 14.02 feet and a chord bearing North 29 degrees, 33 minutes, 13 seconds West, a distance of 24.46 feet to a point, a point of compound curve; (3) on a concave curve to the East having a delta angle of 13 degrees, 32 minutes, 47 seconds, a radius of 125.00 feet, an arc length of 29.55 feet, a tangent of 14.85 feet and a chord bearing North 06 degrees, 30 minutes, 44 seconds East, a distance of 29.48 feet to a point, a point of tangency; (4) on a tangent, North 13 degrees, 17 minutes, 08 seconds East, a distance of 12.80 feet to a point of curve; (5) on a concave curve to the Southeast having a delta angle of 82 degrees, 15 minutes 54 seconds, a radius of 25.00 feet, an arc length of 35.90 feet, a tangent of 21.80 feet and a chord bearing North 54 degrees, 25 minutes, 05 seconds East, a distance of 32.89 feet to a point, a point of reverse curve on the South right-of-way line of Winding Way; thence along the said South right-of-way line of Winding Way on a concave curve to the North having a delta angle of 05 degrees, 01 minute, 14 seconds, a radius of 346.50 feet, an arc length of 30.36 feet, a tangent of 15.19 feet and a chord bearing South 86 degrees, 57 minutes, 34 seconds East, a distance of 30.35 feet to a point, a mutual lot corner of Lot No. 182; thence along said Lot No. 182, through the center of a common frame party wall, South 00 degrees, 31 minutes, 49 seconds West, a distance of 124.04 feet to a point on line of aforementioned Lot No. 180; thence along said Lot No. 180, North 89 degrees, 29 minutes, 03 seconds West, a distance of 26.00 feet to a point, the point and place of BEGINNING.

CONTAINING: 6,178 Square feet of land.

LOT NO. 181 SUBJECT TO all minimum building setback requirements, a clear sight triangle easement, a 20 feet wide storm drainage easement and all conditions and regulations as shown and set forth on the aforementioned recorded Final Subdivision Plan.

BEING THE SAME PREMISES which P.R.D. Property Development, Inc., a New York Corporation, by deed dated May 22, 1987 and recorded May 26, 1987 in the Office of the Recorder of Deeds in and for Lancaster County, PA in Record Book 2134, Page 76, granted and conveyed unto Frank S. Judd, his heirs and assigns.

BEING THE SAME PREMISES which Frank S. Judd by deed dated even herewith and intended for immediate recording, granted and conveyed unto Wendy L. Boyd, her heirs and assigns.

Exhibit "C"



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

WENDY L BOYD
27 WINDING WAY
LITITZ          PA 17543-9397

████████ 12000

BCC

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT TO
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   WENDY L BOYD

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness. If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.**

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| ████████ | 03/17/90 | 81900.00 |

**The recent bankruptcy proceeding filed by you has resulted in a discharge of the debt(s) owed
by you to RHS, so nothing contained in this notice should be construed as an attempt by RHS to
collect or enforce the debt(s) as your personal obligation. However, RHS is entitled to collect
the debt(s) by way of foreclosure of its lien(s) on your house.**

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows: MONETARY DEFAULT

The balance of the account is unpaid principal in the amount of $  46592.93        and unpaid
interest in the amount of $ 2982.26          , as of   12/04/14   plus additional interest accruing at
the rate of $  11.1695        per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

Exhibit "D"

You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.

You may cure your monetary default by paying the total of all the following charges:

- Pay $ 3816.64 _____ , the current delinquency, plus additional payments which come due each month following this notice.

- Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.

- Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.

You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind. You may reinstate not more than three times in any one calendar year.

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to USDA/RD and delivered to the Centralized Servicing Center at the above address. The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose. The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter. Payment of the indebtedness should be made by cashier's check, or postal money order payable to the USDA/RD and mailed to USDA-Rural Development, P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS**- You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 12/19/14 . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** -If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.



If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.


UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture


Date:    12/04/14
Attachment
CC:    State Office


This letter was mailed certified and regular mail on    12/04/14 .



## APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

### OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration.  There is no cost for reconsideration.  This written request must be received no later than 15 calendar days from the date of the attached letter.  You must present any new information, evidence and/or possible alternatives along with your request.  You may skip this informal process and select one of the following two options.  If you do, you will automatically waive your right to reconsideration.

### OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation*.  If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process.  To request mediation or ADR, you must write the Rural Development State Director (see reverse side).  The written notice must be postmarked by you no later than 30 calendar days from the date of this letter.  Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation.  You may skip mediation and request an appeal hearing.  However, in doing so, you will automatically waive your rights to mediation and reconsideration.

### OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation.  There is no cost for an appeal.  A request for an appeal must be postmarked within 30 days from the date on which you received this letter.  You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account.  Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer.  You may have a representative or counsel with you at these hearings and may present your own witnesses.  At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing.  If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 890-7442 or email at program.intake@usda.gov.

To request reconsideration,  send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA — Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457